38,681-02

Feb. 13th, 2015

Dear Clerk,

Please be advised that your receiving a Writ of Mandamus. Could you please advise me of youre receiving this Writ, the feleing date etc.

Respectfully Submitted

Jeffrey L. Ward

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

## CAUSE NO. 11965 (C)

In Re JEFFREY L. WARD    ?      In the COURT
        REALTOR          ?

                    ?           OF

                    ?

2nd JUDICIAL DISTRICT    ?      CRIMINAL APPEALS
COURT OF CHEROKEE COUNTY    ?
             RESPONDANT    ?

## RELATORS PETITION FOR

## WRIT OF MANDAMUS

LIST OF PARTIES

JUDGE BASCOM BENTLEY III          Jeffrey L. Ward, Relator
DISTRICT ATTORNEY, RACHEL PATTON, PARTY    Wynne Unit; 810 Fm 2821
DISTRICT CLERK, JANET GATES, PARTY       HUNTSVILLE, TX. 77349
AT 135 S. MAIN - 2nd FLOOR, RUSK TX.            PRO-SE
                75785        WR-38,681-01

     In to the COURT OF CRIMINAL APPEALS, comes now, Jeffrey L. WARD, Requesting this WRIT OF MANDAMUS FROM WRIT No WR-38,681,01 FROM THE 2nd JUDICIAL DISTRICT COURT OF CHEROKEE COUNTY, TEXAS.

# TABLE OF CONTENTS

NAME OF ALL PARTY'S ............................................... i

TABLE OF CONTENTS ............................................ ii

LIST OF AUTHORITIES ........................................ iii

STATEMENT OF THE CASE ............................... Pg. 1

STATEMENT OF JURISDICTION .................... Pg. 2

ISSUES PRESENTED .......................................... Pg. 2,3

STATEMENT OF FACTS .................................... Pg. 4

ARGUMENT ........................................................ Pg. 5,6

CONCLUSION .................................................... Pg. 6,7

PRAYER ............................................................... Pg. 7

CERTIFICATION ............................................... Pg. 8

INMATE'S DECLARATION ............................. Pg. 8

APPENDIX

# LIST OF AUTHORITIES

CODE OF APPELLATE PROCEEDURE       RULE 31.5(9) Pg.7

CODE OF CRIMINAL PROCEEDURE    Article 11:51.   Pg.7

CODE OF CRIMINAL PROCEEDURE    ARTICLE 11:07.3(d) Pg.1,2

CODE OF CRIMINAL PROCEEDURE    Rule 804 A(5)   Pg.5

MARTIN V. DARNELL (APP. 7 DIST. 1997) 960 Sw.2d. 838, Pg.6

MARTIN V. HAMLIN (Tex.Crim.Pro.2000) 25 SW.3d. 718-19 Pg.1,2.

SEXTON V. STATE (2000)      51 Sw.3d. 604   Pg.6

THE 14th AMMENDMENT OF CONST.   DUE PROCESS    Pg.3,4

VERNON ANN CODE OF CRIM. PROC.   Article 11:07 3(d) Pg.1,2

VTCA GOVERNMENT CODE    AT 41. MANDAMUS Pg.6
                               22.221
APPENDIX

## STATEMENT OF THE CASE

The Relator contends that the evidentuary hearing, that was derived from the initial habeas corpus, relators attorney, Alex Tandy entered into record. Was not a full and fair hearing. However, though the hearing did prematurely end, the evidence heard was of momentous proportion. In favor of relator, with much more favorable evidence available at that time, but was not given an oppertunity to be heard. Therefore, relator was egregiously harmed by the premature ending, even more so, harmed by the missing transcript of the hearing, and its not being available from the District Clerk.

Relator's Attorney, allegedly abated relators Appeal in order to file the initial habeas. Eventhough, the Appeal Courts Judgement was rendered in 1995, the normal two years expected, the initial habeas should have been forwarded to this Court immediately, not held until 1998. Citing: MARTIN V. HAMLIN, (Tex. Crim. App 2000). 25 S.W. 3d 718-719 The Code of Criminal Proceedure specifically states that under one cover all requested records, transcript included, are to be immediately Transmitted to the Court of Criminal Appeals. Citing: Code of Criminal Proceedure Article 11.07 3(d). Vernon Ann Code of Crim. Proc. 11.07 3(d).

The Honorable Judge Bascom Bentley III Judged the trial in Cause 11965, and heard the partial evidentuary hearing, and sits at the 2nd Judicial District Court of Cherokee Co. Rusk, Tx. and, who relator expects action in reguard to replaceing the misplaced transcript.

Relator, before his filing this Writ of Mandamus, did attempt filing a simple Motion to the District Court, for the replacement of the Transcript. Mailed Jan 20, 2015. The non-response is deemed as of no effect.

Pg. 1

## STATEMENT OF JURISDICTION

The Texas Court of Criminal Appeals under authority of the Texas Constitution, has jurisdiction to issue Mandamus To any lower Criminal Court in Texas. Relator's conviction in Texas 2nd Judicial District Court, Cherokee Co, is jurisdiction.

## ISSUES PRESENTED

The main point in question. Where is the transcript to the partial evidentuary hearing, held by the 2nd Judicial District Court on July 8, 1993, Citing: Appendix pg. (B).

Why is there a Transcript to a different hearing in the file from May 11, 1993 but, not the transcript in question. See, Appendix pg. (B). The Clerks suggesting the District Attorney Should be Contacted in reguard to the transcript is not there in the rules of proceedure. Relator expects the District Court Clerk to follow the same Code of Criminal Proceedure he makes an effort to follow See: Appendix pg. (B) the transcript most Certainly should of been sent to the Court of Criminal Appeals as then it Would be available through the State law Library. Citing: Art. 11:07 CODE of Crim. Proc., also Vernon Ann Code Sec. 3(d).

The Court's halting the hearing on July 8, 1993 at the mere mentioning of coercion and assault just outside the Courtroom doors during the trial, ended the hearing. The entire record of the hearing should of been sent to the Court of Criminall Appeals at that time, not held for five years. Citing: Martin V. Hamlin, 25 S.W. 3d. 718, 19 (Tex. Code, App 2000..

2.

# ISSUES PRESENTED

Relator presumes the evidentuary hearing held was only permitted for the purpose of hearing evidence of possible innocence of relator. Specifically to hear the recantation of Tabitha Brown, age 7. Who came all the way from Gadsden, Ala. Where tabitha had to see the Therapist to help her regain her ability to speak. One of the first things she said, after regaining her speech was to her dad. Can you please take me back to Texas, to the Court So I can tell the truth, and thus the affidavit. See: Appendix (A) and the hearing that the Honorable Judge just did not seem to want to hear.

It is relators understanding, and according to Miss Janis Brown, Tabitha's step mom, that Tabitha went several months before regaining her speech after being threatened, assaulted all by the man friend of the mother (Linda Bingham), of the one other alleged to be victim's at trial. See: Inmate's Declaration, at Appendix. Relator feels that Due Process was denied him at the partial hearing where witnesses who were yet assaulted, or saw the assault, but were never given the oppertunity to testify. The transcripts not being available, and the habeas being held, certainly is not an excepted case of Constitutional methodology.

Perhaps if the Honorable Judge had allowed Tabitha a few more moments to speak. She may of expounded on the effects she derived from the assault by Clark. Then the Judge may of gained a much greater feeling of the importance of her testimony. This issue serves to indicate the significance of the requested transcript. See: Affidavit, Exhibit A, Appendix.

# STATEMENT OF FACTS

(1.) The transcript is not in the Clerks file pursuant to Code of Proceedure. See; Appendix. Ex. (B)

(2.) The Transcript is not available to relator. See: Appendix Ex. (D) (F)

(3.) Evidence in the transcript is vital to relators claims. of Actual Innocence. Evident in record.

(4.) Relator has filed a recent Motion for replacement See; Appendix. Ex. (E)

(5.) Relator has a right to this evidence in his favor from his own partial evidentuary hearing relator has a Constitutional right to this evidence. 14TH Ammend.

(6.) Relator believes that even this Court would need to view the transcript for the Courts determination of a Habeas Corpus. Code of criminal proc. 11:07

(7.) Relator has placed herein the Appendix. A page of the Brief the State presented in the relator's Appeal). The page adjacent describes what the relator conceiders to be falseness. The Simple production of the transcript will tell the correct version. Appendix Exhibit (c)

4.

# ARGUMENT

Relator's contention is that he did not recieve a full and fair evidentuary hearing, July 8th, 1993. And has never been given an oppertunity to purchase the transcript of the hearing with years of attempts. The transcript conclusively proves the hearing was not full or fair, and will prove the trial was not fair, and not being able to purchase the evidence, is not fair either.

The trial started with Tabitha Brown as the very first witness. She entered the Courtroom, Kicking and screaming. Her eye's were tear filled, being literally dragged by her mother to the witness stand. The Attorney for relator yelled out mistrial, but The Honorable Judge denied it. Basically, Tabitha then became unavailable, atleast according to the State. However the State overlooked a clause of there rule 804 "A (5)" which states that a witness is not unavailable if there being threatened. The State did not bother to inquire of Tabitha why she was so distressed, but did allow the unknowing jury to assume she was terrorified of the relator.

The action's of Tabitha at trial fully indicate that she was just assaulted, and seriously threatened with death. Just as she stated at her recantation, combined with losing her ability to speek and seeing a therapist afterwards, indicate's the veracity of her testimony. Tabitha told female officer's before trial that she loved (Jeff) relator. Ofcourse, the State utilized this in a very harmful way the best they could, but the truth has a way of showing itself, ie, Tabitha would not be fearful of relator if she told officers she loved him, also she would not ask dad to bring her back to Texas, To the dreaded Court, if she was scared of relator.

51

# ARGUMENT

AL CLARK JR. Who Tabitha says slapped her and her mother across there faces, and threatened to kill them is in prison for murder. Relator understands that he was convicted of rape also, and extorter as Clark and Bingham were trying to extort relator at time of his arrest. They were demanding money for them to drop the false charges as relator testified at trial. Bingham's daughter who was the other alleged victim in this case, grewup quick, her mom Linda Bingham, lied on the marriage licence so she could get married to a fellow who had just received serious money, then tells her new man, that her husband is raping her, so would you kill him for me! She is in prison also. See: Sexton V. State, 51 SW. 3d. 604 (2000).

Relator has tried to indicate the importance of his receiving the transcript, and hopefully has shown that the Court did not fullfill there obligation to the Code of Proceedure in many ways.

The test for determining relator's entitlement to mandamus requires relator to establish (1) That she has no adequate remedy at law, and (2.) That she seeks to compell a ministerial act, or trial Court has clearly abused its discretion. Citing: Martin V. Darnell, 960 SW. 2d. 838 (APP. 7 Dist. 1997). VTCA Government Code § 22.221 at 41. Mandamus.

# CONCLUSION

Relator has made every attempt at every legal remedy for over 20 years, and has no adequate remedy at law. Because of the Districts Clerks not following proceedures, and not keeping there records in there place, and not fullfilling obligations to the proceedures and directives of this Court.

# CONCLUSION:

Citing: Article 11:51, Code of Criminal Proceedure. Also Citing: Article 31.5(g) Code of Appellate Proceedure. If the relator had any records, save an appeal brief, he may could of done something legally to help himself. However they, Court has never answered any of his Motions in the past for records, or hardly even to any mail at all.

— Relator has stated many things herein this Writ, that on its surface may seem unnecessary in a Mandamus for a transcript. The information herein shows a possible intent, for the transcript to not be available. A reason for the holding of the prior Habeas in 1993, and a reason for a hearing not to be full and fair. See: Exhibit (C), Appendix.

Relator Prays this Court to forgive his lack of legal skill, and to try to understand his situation, And Prays this Honorable Court, will grant this Writ to Compell the 2nd Judicial District Court of Cherokee County Texas, To produce the transcript of the Evidentuary Hearing of July, 8th, 1993; and place it in the file for Cause No. 11965(C).

7.

# APPENDIX

THE STATE OF _ALABAMA_     *
COUNTY OF _ETOWAH_     *

BEFORE ME, the undersigned authority, on this day personally appeared TABITHA BROWN, who, being by me duly sworn on oath deposes and says:

" I, Tabitha Brown, hereby swear that I was never touched in my private area by Jeff Ward. He never did this to me at any time. I only told that he did that (touching me on my privates), because I was told by Linda Gail Bingham that she would hurt my mother if I didn't say those things about Jeff at trial. I knew it was wrong. I said the things about Jeff the first time I was at the Courthouse because I was afraid Linda would hurt or kill my mother.

I was afraid to tell anyone the truth after the first day I was at the Courthouse because I was afraid.

I have now told my Daddy about what happened, and I know he called Jeff's lawyer and told him what I had said.

I am telling the truth now and I understand exactly what happened when the trial was going on".

WITNESS MY HAND this 28th day of _May_, 1993.

_Tabitha Brown_
TABITHA BROWN

SUBSCRIBED & SWORN TO before me by the said Tabitha Brown on this 28th day of _May_, 1993.

_Patricia C. Kidd_
NOTARY PUBLIC - STATE OF _ALABAMA_
MY COMMISSION EXPIRES: _7-16-94_
_PATRICIA C. Kidd_
PRINTED NAME OF NOTARY

EXHIBIT "A"

# INMATE CORRESPONDENCE FORM

RE: WARD,JEFFERY LYNN    #647619

CAUSE NUMBER:                11965B

DATE: September 18, 2014

WARD,JEFFERY LYNN    #647619
WYNN UNIT - 810 FM 2821

HUNTSVILLE, TEXAS   77349

( )    Upon receipt of proper fees, the copies you requested will be
       prepared and mailed. At $1.00 per page, the cost will be
       $_____ .

( )    We will need a Court Order to prepare the copies you request
       at no charge to you.

( )    Contact the Court Reporter listed below to request a copy of the
       statement of Facts and fees. NAME:_____
       ADDRESS: _____
       _____

( )    Your Petition for Writ of Habeas Corpus has been recieved and filed
       Article 11.07 of the Texas Code of Criminal Procedure affords the
       State 15 days to answer. After that 15 days, the Court has 20 days
       in which it may order a hearing. If no order has been entered 35
       days from the above filing date, petition will be forwarded to the
       Court of Appeals for their consideration.

( )    The following instrument has been filed in the above listed case:
       _____
       _____

       A copy of this instrument is attached.

( )    This date, the transcript of your Petition for Writ of Habeas
       Corpus has been forwarded to the Court of Appeals.

( )    This to acknowledge your Motion for Shock Probation, please be
       advised the Court has GRANTED/DENIED same.

(X )   Other:**the only transcript in your file is of a hearing held 05/11/1993 concerning
       the estate of George Gunter.  I suggest you contact the District Attorney's office
       in regard to any transcript of an evidentiary hearing — also this office does not
       prepare nor retain any statement of facts**

All further correspondence should indicate the above cause number.

Janet Gates, District Clerk
Rusk, Cherokee County, Texas

BY_____ Deputy
PAT HANSON - DIST CLERK OFFICE
135 S. Main - 2nd Floor
Rusk, Texas 75785

EXHIBIT B

# CONCIRNING THE ADJACENT PAGE OF TYPED TESTIMONY
## Therein the States Brief

Relator complains of the content of the states evidence on the adjacent page, herein this Appendix. Typed testimony, of page 12 of Appellate's Appeal from 1993, 1995, At the 12th court of Appeals, Tyler Tx.

Relator points to the first paragraph, line 4, Where it state's that Tabitha testified that AL CLARK slapped her and her mother. This is true. However; the Citing of SFW 41, 48 cannot be correct, because tabitha only said her and her mother were slapped One time. It does not take 8 pg's to say that one time.

The remaining part of the sentence state's that "directly in conflict with other witnesses." Not True, there were No other witnesses at the evidentuary hearing. The prosecutor make's it appear there were. Not True.

The prosecutor states also, that relator sent letters and phoned tabitha and promised benefits. This aspect was thrown out of court by Judge Bascom Bentley III, who read All letters, and heard All phone evidence, and found No tampering by relator, At All. This was all determined at a hearing for tampering. A totally different proceeding, but the prosecutor put the (SFW No's), as if they all came from the evidentuary hearing. Not True! As well; the line No.11 Tabitha state's she did not want (Jet f) relator to go to jail, Tabitha never said that at the evidentuary hearing. The prosecutor, seemingly put all that together to make it appear the hearing contained things it did not. This practice is very deceiving, and should not be allowed, It is not the truth, which can be shown by the State producing the transcript.

Exhibit C

had done to her. (SF 79). Tabitha's testimony at the Writ hearing was that no one had touched her (SFW-36), directly in conflict with Dr. Nielson, Jennifer Stevens and her own partial testimony at trial. (SF 71-73). Tabitha Brown further testified that Al Clark slapped her and her mother, directly in conflict with the other witnesses. (SFW 41, 48). In addition it was established that Appellant himself called Tabitha after the trial and sent her letters. (SFW 38-39, SFW 65-74, SFW 119-122, SFW 124-127, SFW 129-130), These letters promise benefits to Tabitha Brown and her family. (SFW 119-122, SFW 124-127, SFW 129-130). Furthermore, Deputy Miller testified that on several occasions, Tabitha Brown stated that she did not want Jeff to go to jail. (SFW 88).

The State contends that the truth was determined at trial. Tabitha Brown's change in testimony is attributed to her contact with Appellant by phone and by mail after trial. The jury determined the facts, and its finding should not be disturbed absent legal insufficiency, on appeal. (Tex.Cr.App. 1990), Farris v. State, 819 S.W.2d 490 at p. 495-496.

Furthermore, a witness's change in testimony after trial, standing alone, is not sufficient for a new trial especially after time to file a Motion for New Trial lapses and the Court loses jurisdiction. Drew v. State, 743 S.W.2d 207 (Tex.App. 1987).

Here Appellant has raised no legal point of error concerning this issue, and the change in testimony has nothing to do with the factual or legal basis for the admission of the transcript of the testimony from the bond hearing.

12.

Exhibit C



SHARON KELLER
PRESIDING JUDGE

LAWRENCE MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
  JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

Thursday, September 11, 2014

Jeffrey Lynn Ward
Wynne Unit - TDC # 647619
810 FM 2821
Huntsville, TX 77349

**Re: Ward, Jeffrey Lynn**
**CCA No.** WR-38,681-01
**Trial Court Case No.** 11965B

Your letter has been received. Please be advised:

IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.

☒ **To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.**

☐ Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court

☒ **Your application for writ of habeas corpus has been received Thursday, August 20, 1998. The status is: DISMISSED on 9/16/1998.**

☐ Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

Sincerely,

Abel Acosta, Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE WWW.CCA.COURTS.STATE.TX.US

Exhibit (D)

Exparte JEFFREY L. WARD                    In THE 2nd JUDICIAL DISTRICT COURT

VS.                                         of

THE STATE OF TEXAS                          CHEROKEE COUNTY, TEXAS

---

## MOTION REQUESTING THE 2nd JUDICIAL DISTRICT COURT TO REPLACE MISSING DOCUMENTS IN CAUSE NO. 11965(B)

COME'S NOW, JEFFREY L. WARD and files this motion requesting this Court to produce documents which are missing from this Court Clerk's office files. Which are material to the leadity of this Applicant's Confinement. The missing documents are also a violation of the Code of Criminal Proceedure. Wherein its stated that missing files must be replaced by a Motion to the Court.

Applicant will show this Court the following: the Code of Criminal Proceedure states that Habeas Corpus hearing transcripts are to be kept in the Clerks file. The State Law Library States that convictions over 20 yrs, there record is to be kept permanently on file. The transcript for the partial evidentuary held at this Court by the Honorable Judge Bascom. W. Bentley III Contains factual issues which are material to this Applicants Confinement.

Therefore, Applicant prays this Honorable Court will locate or replace the missing evidentuary Hearing Transcript Recorded July 8, 1993 to this Court Clerks file in Cause No. 11965(B)

Respectfully Submitted

Jeffrey L. Ward

Applicant Pro Se

Exhibit (E)

## CERTIFICATE OF SERVICE

By my hand I do swear that a true and accurate copy of the foregoing document was mailed with the proper postage affixed to Janet Gates, District Clerk for Cherokee County on this the 20th day of, Jan., 2015.



## TEXAS STATE LAW LIBRARY
### P.O. BOX 12367
### AUSTIN, TEXAS 78711-2367

9 December 2014

RE: transcript for evidentiary hearing in writ of habeas corpus WR-38,681-01

Jeffrey Ward (#647619)
Wynne Unit (020)
Huntsville, TX 77349

Dear Mr. Ward,

Thank you for contacting the Texas State Law Library. We received your request on 30 October 2014, but unfortunately, we are unable to process your request for the following reason:

We did not see a transcript for an evidentiary hearing in the writ file WR-38,681-01 provided to us by the Court of Criminal Appeals.

Because we are not responsible for the contents of the files provided to us by the Courts, we have no knowledge of the existence, whereabouts, or possible destruction of this transcript. It is is possible these transcripts are held in the files of the Cherokee District Court. You will need to contact them directly at the address below to see if they have the transcript that you need. They may also be able to inform you whether it was destroyed.

Cherokee County District Clerk
PO Drawer C
Rusk, TX 75785-0505
phone: (903) 683-4533

According to the Texas State Library and Archives Commission records retention schedule for district clerks, clerks are required to keep criminal files (which includes habeas corpus papers) for "Felony cases in which the sentence, cumulative sentences, or the longest sentence of two or more sentences to be served concurrently is more than 20 years, including cases in which the sentence is life imprisonment or the death penalty" permanently, with an additional note regarding habeas corpus papers: "5 years from issuance or denial of writ in pre-conviction proceedings unless the court issuing the writ is the same court having jurisdiction of the offense with which the applicant is charged, in which case the records should be kept for the same period as the case papers to which they relate. Postconviction habeas corpus proceedings records should be retained for the same period as the case papers to which they are ancillary, except if the proceedings arise from an extradition demand, the retention period under (i) should be followed."

Again, you will need to contact the Cherokee District Clerk for specific information about the retention of their records.

Sincerely,
State Law Library Reference Staff

Exhibit (F)

## INMATES DECLARATION

I Jeffrey L. Ward, am the relator, and being presently incarcerated in Huntsville, Texas The Wynne-Unit, declare under penalty of perjury that according to my belief, the facts stated in The above Petition For Writ of mandamus, are true and Correct.

Signed on Feb. 13th, 2015

*Jeffrey L. Ward*
Signature of Relator

## CERTIFICATION

Relator has reviewed the Petition and has Concluded that the factual Statements in this petition are Supported by Competent evidence included in the Appendix or record.

Signed on Feb. 13th, 2015

*Jeffrey L. Ward*
Signature of Relator

8.

## CERTIFICATE OF SERVICE

By my hand I do swear, that a true copy of the foregoing document - <u>Minus the Appendix</u>. Because of the lack of the ability to make photo copies in prison, was mailed with the proper postage affixed to Janet Gates, District Clerk for Cherokee, County Texas. On this the 13th day of Feb. 2015.